[Civ. No. 4158. First Appellate District, Division One.—April 14, 1922.]

## JOHN JOHNSTON, Jr., et al., Respondents, v. CARL MENDENHALL et al., Appellants.

[1] PLEADING—SALE OF LAND—INTEREST OF DEFENDANT—EJECTMENT —DEFENSES.—Where the contract between the plaintiffs and the defendants for the sale by the former and purchase by the latter of certain lands provides that defendants shall have exclusive possession, management, and direction of the property but that, in the event of default by them in the making of certain payments, they shall forfeit any and all rights acquired thereunder, including their right of possession, and that the agreement shall terminate, and the first defense of their answer to the complaint in an action in ejectment by the plaintiffs is sufficient to afford them full opportunity to present their defenses of alleged ownership of the property and right of possession under the contract, it is not error to sustain plaintiffs' demurrers to other alleged defenses and causes of cross-complaint.

[2] CONTRACTS—SALE OF LAND—AGREEMENT TO PAY PROCEEDS TO ANOTHER—INTEREST CREATED.—An agreement whereby plaintiffs, as owners, are obligated to use their best efforts to sell certain land and pay certain amounts to defendants out of the proceeds of such sale, the defendants in the meantime to remain in the possession of the premises, does not pass an interest in the land to defendants, but merely gives the latter an interest in the proceeds arising from the sale thereof.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

U. E. White and Glenn M. Ely for Appellants.

R. C. Springer for Respondents.

TYLER, P. J.—This action is one in ejectment brought to recover possession of certain land situated in San Diego County and known as the Riverview Ranch. Plaintiffs, who are husband and wife, claim to be the owners in common of the property and entitled to its possession. Defendants' pleadings consist of a second amended answer containing seven different pleas, which include a denial of ownership as alleged, and certain allegations which, it is claimed, establish equitable defenses and counterclaims, and an amended cross-complaint containing eleven allegations which substantially set up all the alleged equitable defenses recited in the various defenses in the amended answer. Demurrers were sustained to the amended cross-complaint and to all of the defenses set up in the amended answer except the first defense thereof. This first defense denied ownership in plaintiffs as exclusive tenants in common and alleged ownership and right to possession in both plaintiffs and defendants as partners. It further denied the allegations of the complaint as to the wrongful withholding of possession by defendants, and alleged rightful possession in them at the time of the commencement of the action, and it also denied, as charged in the complaint, that the value of the use and occupation of the premises was of the sum of $300 a month or any other sum. The case went to trial upon the complaint and the first defense contained in the amended answer. Judgment went for plaintiffs. Defendants appeal on the judgment-roll alone, and they contend that the trial court erred in sustaining demurrers to various allegations of their amended answer and to their amended cross-complaint, which pleadings, they assert, contain and fully set forth complete legal and equitable defenses to the action and upon which they have been denied a trial. These defenses, it is claimed, appear in the seventh defense of the answer and are again reiterated in the second cause of action alleged in the cross-complaint.

The seventh defense of the amended answer alleges the making of a contract upon February 26, 1919, with a recital of its terms and the entry of the defendants thereunder,

and their fulfillment, so far as not prevented by plaintiffs, of the contract. It then alleges the failure of plaintiffs to perform, and the giving of notice to them by defendants of certain losses which would necessarily follow from a continuation of nonperformance. It also alleges a modification of the contract in relation to plaintiffs' duty, the continued failure of plaintiffs to perform the agreement as modified, and the consequent inability of defendants to make payments under the contract, with notice of such fact to plaintiffs. A new agreement of settlement is then claimed to have been made whereby defendants were to have and receive the sum of $15,000, which sum, it is recited, they had expended on the land, and it is further alleged that under this new agreement defendants were to remain in possession of the property for the purpose of farming and caring for the same for the mutual benefit of plaintiffs and defendants until a sale thereof could be consummated, plaintiffs agreeing in the meantime to use their best efforts to sell the land and out of the proceeds to pay defendants the said sum with interest thereon from the date of the settlement agreement, they being unable to purchase defendants' interests. Defendants then allege that pursuant to this settlement agreement they remained on the land and carried out their contract until prevented from so doing by an attachment levied by plaintiffs in another action upon the farming tools, the nature of which action the record does not disclose. Defendants then plead their willingness and ability to carry out the agreement except as prevented by plaintiffs, and claim that the plaintiffs have waived their right to declare any of the agreements forfeited. The pleading then concludes with a prayer that plaintiffs take nothing and that it be adjudged that the said agreements have not been forfeited by defendants, but that they are still in full force and effect, and general relief is asked for. The second cause of action of the amended cross-complaint reiterates the matters alleged in the seventh defense of the amended answer, and this pleading concludes with a prayer that the agreement be revised to show the true contract existing between the plaintiffs and defendants and that the contract as revised be specifically enforced, and damages in the sum of $30,000 and general relief are prayed for. [1] Attached to and as an exhibit to defendants' amended

cross-complaint is a contract which in substance shows, in addition to the recitals contained in defendants' pleadings, that the parties hereto entered into an agreement of sale by the terms of which the plaintiffs agreed to sell and the defendants agreed to purchase a certain interest in the lands here involved, together with water rights, for the sum of $50,000. It is recited therein that the land is encumbered with a mortgage for this amount, and that defendants agree to pay their purchase price by fully paying and discharging the same in accordance with the terms of the agreement. Further provisions show that defendants were to have exclusive possession, management, and direction of the property for a term of ten years, during which period they were to apply the entire gross income of the property to the payment of interest upon the note and mortgage and certain other expenses, including insurance and taxes, except the sum of $150 per month, which defendant Carl Mendenhall was to retain as a salary. By the terms thereof, however, defendants agreed in any event to reduce the amount of the mortgage at the end of the ten-year period down to the sum of $10,000, at which time provision was made for a certain division of the profits between plaintiffs and defendants. By the agreement plaintiffs undertook to install a pumping plant upon the lands for the purpose of irrigating the same. The agreement further provided that in the event of defendants' failure to pay the interest or principal, and the taxes and other operating expenses stipulated for, that plaintiffs should be released therefrom and that defendants should forfeit any and all rights acquired thereunder, including their right to possession, and that the agreement should terminate; and it also contained a clause to the effect that the agreement was purely one of purchase and sale and that the parties were in no sense partners. It also appears by the very terms of this contract that defendants were bound to make certain payments irrespective of any profit derived from the land, and that their rights under the contract were declared to depend upon the prompt and faithful performance of the agreement, failing in which they were to forfeit all rights acquired thereunder, including their right to possession. It is manifest, therefore, that the demurrers were properly sustained to the causes of action alleged, and the defenses relied upon in the amended

answer and the cross-complaint, as the first defense of the answer upon which the case went to trial was sufficient to afford defendants full opportunity to present their defenses of alleged ownership and right of possession under the contract. **[2]** The seventh defense alleged a termination of the contract and the making of a new agreement whereby plaintiffs were only obligated to use their best efforts to sell the land and pay certain amounts to the defendants out of the proceeds of such sale, and that defendants were in the meantime to remain in possession of the premises. Assuming the agreement to have been made as alleged, it did not purport to pass an interest in the land to defendants, but merely an interest in the proceeds arising from the sale thereof. The alleged agreement, therefore, did not create an interest in land. (*Miller* v. *Lerdo Land Co.,* 186 Cal. 1 [198 Pac. 778].)

Prior to proceeding to trial of the case, defendants, upon application to the court, were permitted to amend their second amended answer and second amended cross-complaint. By these amendments defendants allege that during the season of 1920 they informed plaintiffs that they had suffered losses and would be unable to comply with the provisions of their contract, and that thereupon plaintiffs and defendants entered into an arrangement of settlement by the terms of which defendants acquired certain interests in the land to the extent of $15,000, and that plaintiffs were to use their best efforts to effect a sale of the same and from the proceeds thereof were to pay to defendants the sum mentioned. They further alleged that the defendants in the meantime were to remain in possession and care for the land, and that pursuant to this agreement defendants did so remain in possession until prevented by plaintiffs, who caused an attachment to be levied on the farming implements. This amendment, given its most favorable interpretation merely shows, as does the agreement in the second amended answer, that the original contract was terminated, and if we assume the allegations to be true, they simply attempt to set up a legal interest in the land, and the allegations, therefore, have no more force and effect than those contained in the first defense of the amended answer, which alleged ownership and right of possession.

Trial having been had upon this issue, the judgment, in the absence of evidence, is conclusive upon this question.

The additional defenses of the amended answer and cross-complaint deal with the validity and the relationship of the parties under the contract, and do not require consideration. ·

From what we have said it follows that the orders and judgment should be, and they are, hereby affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 12, 1922.

All the Justices concurred.